IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

LULA T. BECKWITH, individually )
and on behalf of others similarly )
situated, )
)
    Plaintiff, )
) CASE NO. CV 02-B-2077-NE
v. )
)
BELLSOUTH TELECOMMUNI- )
CATIONS, INC.; KEMPER )
NATIONAL SERVICES, INC., )
)
    Defendants. )

**MEMORANDUM OPINION**

This case is presently pending before the court on Motion to Dismiss filed by defendant Kemper National Services, Inc., (doc. 4), and Motion to Dismiss filed defendant BellSouth Telecommunications, Inc., (doc. 7).[1] Because defendants submitted matters outside the pleadings, which the court did not exclude, the court notified the parties that the Motion to Dismiss would be treated as one for summary judgment in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. (Doc. 5.)

Defendants contend that plaintiff's claims are due to be dismissed on the grounds that her claims are barred by the doctrine of res judicata, that her claims relating to her

---

[1] Defendant BellSouth's Motion to Dismiss merely incorporates the Motion to Dismiss, Memorandum of Law, and Evidentiary Submission, by defendant Kemper National Services. (Doc. 7.)

termination are duplicative of claims filed in another pending case,[2] and that her claims based on a breach of the collective bargaining agreement are preempted by § 301 of the Labor Management Relations Act and any § 301 claim is time-barred. (Doc. 4.) For the reasons set forth below, the Motions to Dismiss are due to be denied in part and granted in part.

On January 10, 2000, plaintiff filed two lawsuits against defendants: (1) *Beckwith v. BellSouth Telecommunications*, CV 00-J-0097-NW [hereinafter *Beckwith I*], and (2) *Beckwith v. BellSouth Telecommunications*, CV 00-B-0098-NW [hereinafter *Beckwith II*]. Plaintiff alleged defendants had denied her short-term disability benefits in August 1998 and that they had wrongfully terminated her in 1998. *Beckwith I*, doc. 59 at 3. This court dismissed without prejudice *Beckwith II* on October 31, 2000, on plaintiff's Motion to Dismiss.

On February 16, 2001, the court dismissed with prejudice *Beckwith I*, because plaintiff had not included her claims against defendants that had accrued or were pending in her bankruptcy schedules. The court held:

> The bankruptcy schedules signed by the plaintiff state to identify any pending administrative proceedings. The plaintiff here has represented herself pro se on and off in this litigation, doing an admirable job of filing legally appropriate motions and pleadings. Similarly, in the bankruptcy matter, the plaintiff filed at least one legally appropriate motion pro se. While this court's conclusions do not depend on any assessment of the plaintiff's credibility the court has trouble accepting that the plaintiff has had no idea until January 2001 that she had a duty to inform the bankruptcy court of her claims against these defendants. Because the plaintiff did not disclose these claims against the defendants in her bankruptcy, she has lost the right to pursue these claims.

---

[2]*Coleman v. BellSouth Telecommunications, Inc.*, CV 02-JEO-0793-NE.

*Beckwith I*, CV 00-J-0097-NW, doc. 59 at 8-9 (Feb. 16, 2001).[3] The court's decision was affirmed by the Eleventh Circuit on April 15, 2002,[4] and plaintiff's petition for certiorari review was denied by Supreme Court on October 21, 2002.[5]

On October 17, 2000, plaintiff filed a lawsuit against her union, the Communications Workers of America, CV 00-S-2944-NW, alleging that the union had failed to fairly represent her in the grievance process. This case was dismissed on November 29, 2001, because plaintiff failed to demonstrate a genuine issue of disputed fact regarding the adequacy of her union representation. *Id.*, doc. 26 at 13-14.

About two weeks before the present lawsuit was filed, plaintiff joined an age discrimination case against BellSouth pending before this court. *Coleman v. BellSouth Telecommunications, Inc.*, CV 02-JEO-0793-NE, doc. 13. Plaintiff is one of nine plaintiffs suing BellSouth for age discrimination with regard to their termination when BellSouth closed its Huntsville office in March 2001. *Id.*, doc. 14.

On August 26, 2002, plaintiff filed the instant action alleging claims against Kemper and her former employer, BellSouth Telecommunications, Inc. (Doc. 1.) Her Complaint contains claims (1) that she was wrongfully denied short-term and long-term disability benefits, (2) that she was wrongfully terminated because of her race, age, disability, and in

---

[3] Plaintiff's bankruptcy was discharged in February 9, 2000. *Beckwith I*, doc. 59 at 3-4.

[4] *Beckwith v. BellSouth Telecommunications*, No. 01-11121, 2002 WL 833282 (11th Cir. Apr. 15, 2002).

[5] *Beckwith v. BellSouth Telecommunications*, 123 S. Ct. 449 (2002).

retaliation for engaging in protected activity, (3) that she was terminated while on medical leave in violation of the Family and Medical Leave Act; and (4) that defendants breached the collective bargaining agreement by denying benefits awarded to plaintiff through arbitration. Plaintiff's complaint also contains class allegations.

## A. RES JUDICATA

Defendants contends that plaintiffs' claims are barred by the doctrine of res judicata. "The doctrine of res judicata is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies. As to the parties to the prior proceeding and their privies, res judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." *Baptiste v. C.I.R.*, 29 F.3d 1533, 1539 (11th Cir. 1994)(citing *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)). The Eleventh Circuit has held:

> The purpose behind the doctrine of res judicata is that the "full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147 (1979). Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding. [*Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)] (citing *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1549 (11th Cir.1986)).
>
> Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

*Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

Plaintiff has sued defendants Kemper and BellSouth on two prior occasions alleging failure to pay disability benefits and discriminatory discipline and termination, all arising from incidents that occurred in 1998. Plaintiff's present claims, apparently, are based on incidents occurring in 2001.[5] Thus, the prior judgments do not bar the present action; however, the prior action is limited to incidents arising after February 9, 2000.[6]

## B. TERMINATION CLAIMS

Defendants contend that plaintiff's claims based on her allegedly discriminatory termination are due to be dismissed as duplicative of her claims in *Coleman v. BellSouth Telecommunications, Inc.*, CV 02-JEO-0793-NE.

In the present action, plaintiff alleges that she was terminated by defendants because of her race, disability, age, and in retaliation for engaging in protected activity. In the *Coleman* action, plaintiff and a number of former BellSouth employees contend only that defendant terminated them because of their age.

> It is well established that as between federal district courts, the general principle is to avoid duplicative litigation. This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do

---

[5]*See* doc. 6 at 3-4.

[6]Judge Johnson, in CV 00-J-97-NW, held that plaintiffs claims were barred by her failure to list her claims against defendants as an asset in her bankruptcy proceedings. (Doc. 4, Ex. D at 8-9.) Plaintiff's bankruptcy was dismissed on February 9, 2000. (*Id.* at 3-4.)

not significantly differ between the two actions. Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.

*I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986)(citing, inter alia, *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976))(internal quotations and citations omitted).

The *Coleman* proceeding involves a claim of age discrimination with regard to plaintiff's termination. It does not concern claims of race and disability discrimination or retaliation, or any claims against Kemper. Moreover, there is no indication that plaintiff would be allowed to add these claims to the pending *Coleman* proceeding. Thus, except to the extent the present action contains an age discrimination termination claim, the claims in the present action are not duplicative of the claims in the *Coleman* action.

Defendants' motions to dismiss is due to be granted as to plaintiff's age discrimination termination claim. Such claim will be dismissed without prejudice to plaintiff's right to pursue that claim in the *Coleman* proceeding. The motions to dismiss will be denied as to the remainder of plaintiff's termination claims.

## C. BREACH OF COLLECTIVE BARGAINING AGREEMENT

Plaintiff's Complaint alleges that defendant BellSouth breached the collective bargaining agreement by denying plaintiff disability benefits awarded through an arbitration award. (Doc. 1 ¶¶ 18-19.) The alleged breach occurred in 2001, (doc. 6); plaintiff filed the instant action on August 26, 2002, (doc. 1). Claims to enforce an arbitration award arising out of the grievance procedures of a collective bargaining agreement are preempted by

section 301(a) of the Labor Management Relations Act. *See Samples v. Ryder truck Lines*, 755 F.2d 881, 885 (11th Cir. 1985). Such a claim may be brought as a "hybrid" claim.[7] *Id.* at 886; *see also Coppage v. United States Postal Service*, 281 F.3d 1200, 1203-04 (11th Cir. 2002). The statute of limitations for a hybrid claim, however, is six months. Therefore, plaintiff's hybrid claim is time barred.

Based on the foregoing, plaintiff's claim based on the arbitration award is due to be dismissed.

## D. CLASS ALLEGATIONS

Plaintiff has brought this case on behalf of herself and others that are similarly situated. Because plaintiff is proceeding pro se, she cannot represent a class. The law in this area is well-settled:

> Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1769.1 & n. 12 (2d ed.1986)(citing cases for rule that "class representatives cannot appear pro se"). This is so because the competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975).

---

[7]Only the union may bring a straightforward section 301 claim. However, 'the courts have not ignored the reality that the rights of the individual can be unfairly jeopardized when his union ignores or mismanages his claim. In order to avoid the injustice that would result from leaving the employee remediless in such cases, the courts have developed the 'hybrid claim' exception. They will give the employee his day in court when he can show both that the employer has breached the collective bargaining agreement and that the union had breached its duty of fair representation in handling the ensuing grievance proceeding." *Samples*, 755 F.2d at 886.

*Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see Oxendine*, 509 F.2d at 1407 ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others. Neither Oxendine nor any other prisoner has assigned error to the class aspect of this case, but it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")(citations omitted); *see also McLeod v. Henderson*, 1999 WL 1427749, *1 (M.D. Fla. Dec. 28, 1999)("One prerequisite for class certification is that the representative must fairly and adequately protect the interests of the class. It would be plain error to allow a pro se litigant to represent fellow inmates in a class action."); *Jeffery v. Malcolm*, 353 F. Supp. 395, 397 (S.D. N.Y. 1973)("It is settled, however, that in reviewing the adequacy of representation a Court should weigh, among other factors, the actual qualifications and experience of the self-selected champion for the proposed class. Skilled representation may be crucial, for the outcome of a class suit-whether favorable or adverse to the class-is binding on the members of the class. The ordinary layman will generally not possess the requisite training, expertise, and experience to be able to adequately serve the interests of a proposed class. . . . Accordingly, the class allegations are stricken, and the suit will be viewed as an individual action.").

The court has reviewed the numerous filings in the various lawsuits plaintiff has filed. The court finds that plaintiff is not an adequate class representative. Therefore, the plaintiff's

class allegations are dues to be dismissed, *sua sponte*, and the suit will proceed as an individual action.

## CONCLUSION

For the reasons set forth above, defendants' Motions to Dismiss are due to be granted in part and denied in part. Defendants' Motions to Dismiss are due to be granted as to plaintiff's age discrimination termination claim and her claim based on the arbitration award; such claims are due to be dismissed with prejudice. Also, any claim for benefits arising prior to February 9, 2000, are due to be dismissed. Defendants' Motions to Dismiss as to plaintiff's remaining claims are due to be denied. The court *sua sponte* finds that plaintiff's class allegations are due to be dismissed. An order granting in part and denying in part defendants' motions to dismiss, (docs. 4 and 7), and dismissing plaintiff's class allegations will be entered contemporaneously with this Memorandum Opinion.

**DONE** this _22nd_ day of September, 2003.

_____
**SHARON LOVELACE BLACKBURN**
United States District Judge