IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LULA T. BECKWITH, individually and on behalf of others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>BELLSOUTH TELECOMMUNI-CATIONS, INC.; KEMPER NATIONAL SERVICES, INC.,<br><br>　　Defendants. | }<br>}<br>}<br>}<br>}<br>}<br>}  CASE NO. CV 02-B-2077-NE<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

**MEMORANDUM OPINION**

On September 22, 2003, the court entered an Order directing plaintiff to file an Amended Complaint complying with Federal Rules of Civil Procedure (8)a, 8(e)(1), 10(b), and 11(b). On October 17, 2003, plaintiff filed an Amended Complaint. The Amended Complaint did not comply with the court's September 22, 2003, Order.

On November 17, 2003, the court met with plaintiff and counsel for defendant. The court discussed with plaintiff the court's September 22, 2003, Order and the problems with plaintiff's Amended Complaint. The court informed plaintiff that her Complaint did not comply with the Federal Rules of Civil Procedure and discussed with plaintiff the requirements of a valid Complaint.

On December 19, 2004, plaintiff filed a document entitled "Amendment to the Amended Complaint More Definite Statements" (hereafter "Second Amended Complaint.") This document also fails to comply with the court's written and oral instructions to the plaintiff.

On January 8, 2004, defendants filed a Motion to Dismiss plaintiff's Second Amended Complaint. Defendants note that despite the

> Court's express instructions . . . plaintiff did not set forth discrete allegations of fact supporting each discrete claim. Nor did she specify which claims are asserted against Defendant BST and which claims are asserted against Defendant Kemper. *See* FED. R. CIV. P. 12(e); *Anderson v. Board of Trustees, C. Fla. Comm. College*, 77 F.3d 364, 367 (11th Cir. 1996)("Anderson's complaint is a perfect example of 'shotgun' pleading . . . in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief . . . a defendant faced with a complaint such as Anderson's is not expected to frame a responsive pleading").

Defendants' Motion to Dismiss at 3.

The Supreme Court has noted the importance of compliance with procedural requirements:

> Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers . . .[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. [footnote omitted]. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

None of the documents filed by plaintiff have come close to advising defendants what acts or conduct of defendants form the basis for plaintiff's claims. The court has given plaintiff several opportunities to correct the deficiencies in her Complaint. Plaintiff has been unable or unwilling to file a Complaint that could be read to require an Answer from defendants.

Therefore, upon consideration of the foregoing, the court finds that defendants' Motion to Dismiss is due to be granted. An Order will be entered contemporaneously with this Opinion.

**DONE** this 27th day of August, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge

2