FILED

2006 Sep-27  AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

LULA T. BECKWITH,        )
        )
    Plaintiff,        )
        )
v.        )
        )    CV 02-B-2077-NE
BELLSOUTH TELECOMMUNI-    )
CATIONS, INC.; KEMPER    )
NATIONAL SERVICES, INC.,    )
        )
    Defendants.        )
        )
        )

## MEMORANDUM OPINION

On March 8, 2006, this court ordered plaintiff to appear and show cause why her claims should not be dismissed. (Doc. 32.) In response, plaintiff filed a document entitled Motions of Plaintiff to Show Cause. (Doc. 33.) Based on the court's review of plaintiff's response, as well as the record in this case and the other cases filed by plaintiff in this court,[1] the court finds that plaintiff's claims are due to be dismissed.

### A.  TERMINATION CLAIMS

In her Amended Complaint, (doc. 16), plaintiff alleges that defendant terminated her on March 31, 2001 on the basis of her race, her disability (undefined), and in retaliation for

---

[1] *Beckwith v. BellSouth Telecommunications*, CV 00-J-0097-NW [hereinafter *Beckwith I*], *Beckwith v. BellSouth Telecommunications*, CV 00-B-0098-NW [hereinafter *Beckwith II*], *Beckwith v. Communications Workers of America*, CV 00-S-2944-NE [hereinafter *Beckwith III*], and *Acklin, et al. v. Bellsouth Telecommunications*, CV 02-B-0793-NE [hereinafter *Beckwith IV*]

opposing unlawful practices under Title VII, FMLA, and ADA.[2]  (Doc. 16 ¶ 10.)  The court

notes that on May 21, 2004, Magistrate Judge Ott entered a Memorandum Opinion in

*Beckwith IV*, in which he found that plaintiff had worked as a toll operator at BellSouth's

Huntsville toll operator service center.  (*Beckwith IV*,  doc. 53 at 3.)  He found that  plaintiff

and the other plaintiffs in *Beckwith IV* were terminated as a part of a reduction in force

resulting from BellSouth's decision to close the Huntsville service center.  (*Id*. at 3-4, 14-17.)

Moreover, he found that the decision to close the Huntsville toll operator service center was

not an adverse employment action because all toll operators were given the opportunity to

transfer to another service center.  (*Id*. at 16-17.)   Magistrate Judge Ott also found that the

*Beckwith IV* plaintiffs had failed to show BellSouth acted with discriminatory intent when

it decided to close the Huntsville service center, because all toll operators were treated the

same.  (*Id*. at 18-19.)

With regard to plaintiff specifically, Magistrate Judge Ott found that plaintiff filed her

EEOC charge on September 24, 2001, more than 180 days after the announcement that the

---

[2]Plaintiff's "Amendment to the Amended Complaint More Definite Statement," filed
after the court found plaintiff's Amended Complaint did not comply with the Federal Rules
of Civil Procedure, states only that "[p]laintiff was wrongfully terminated."  (Doc. 20 ¶ 9.)
She does not allege upon what basis defendants discriminated against her (*i.e.*, retaliation,
race, disability), she does not describe the acts and/or decisions she alleges were wrongful,
and she provides no details such as when and who discriminated against her.  Her Amended
Complaint states that defendant BellSouth terminated her on March 31, 2001, and the
protected characteristic upon which she alleges BellSouth was motivated to terminate her –
race, disability, and retaliation.  (Doc. 16 ¶ 10.)   However, the Amended Complaint also
suffers from a lack of a detailed description of the acts of the defendants, plaintiff's
disability, her protected opposition conduct, and other facts to support her claims.

office would be closed, which was December 15, 2000.  (*Id.* at 10.)  Therefore, he found that

plaintiff's termination claim was time-barred.   (*Id.* at 11.)

These findings were adopted by this court and the termination claims of the *Beckwith*

*IV* plaintiffs were dismissed.  (*Beckwith IV*, doc. 56.)

The Supreme Court has held:

> A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or ***fact*** distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties . . . ."  *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48-49 (1897). . . . Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is ***conclusive*** in subsequent suits based on a different cause of action involving a party to the prior litigation.  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979) . . . .

*Montana v. U. S.*, 440 U.S. 147, 153 (1970)(emphasis added).  The Eleventh Circuit has

established the following requirements that must be established in order to apply the doctrine

of collateral estoppel to bar re-litigation of an issue:

> In order for the doctrine [of collateral estoppel] to apply, the following criteria must be satisfied: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; (3) the issue was actually litigated in the prior proceeding; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Dailide v. U.S. Atty. Gen.*, 387 F.3d 1335, 1342 (11th 2004).

The court finds the following three issues were conclusively determined in *Beckwith*

*IV*, as all the criteria for applying the doctrine of collateral estoppel are present:

3

1.  BellSouth terminated plaintiff because it closed the Huntsville service center and eliminated her position in Huntsville.

2.  All toll operators in Huntsville were terminated; plaintiff was not treated differently.

3.  The elimination of plaintiff's position was not an adverse job action because she was given the opportunity to transfer, as were all Huntsville toll operators.

The court asked plaintiff to show cause why her claims related to her termination should not be dismissed as barred by collateral estoppel.  This she has failed to do. Therefore, plaintiff's termination claims based on her race, disability, and retaliation are due to be dismissed.

## B.  FMLA CLAIMS

In her Amended Complaint, plaintiff alleges she was "discriminated against in her attempts to obtain benefits and leave for serious illness and other benefits under the [FMLA]." (Doc. 16 ¶ 12.)  In her response to the court's Show Cause Order, plaintiff states, "Beckwith was not 'granted' a FMLA leave until she was terminated.  Beckwith was terminated on March 31, 2001, and granted FMLA leave on April 11, 2001."  (Doc. 33 ¶ 10.)  She apparently is not claiming that she was terminated during or because of FMLA leave.  Moreover, the court can discern no adverse employment action allegedy taken by BellSouth in violation of the FMLA based on leave granted after plaintiff was terminated. Indeed, plaintiff was not qualified for FMLA leave after she was terminated as part of the reduction in force.  *See Brohm v. JH Properties, Inc.*, 149 F.3d 517, 523 (6th Cir.

4

1998)(plaintiff not an "eligible employee" pursuant to 29 U.S.C. § 2612(a)(1) after

termination); *Pesok v. Hebrew Union College--Jewish Institute of Religion*, 235 F. Supp. 2d

281, 289 (S.D.N.Y. 2002)(same); *Hammon v. DHL Airways, Inc.*, 980 F. Supp. 919, 927

(S.D. Ohio 1997)(plaintiff not "eligible employee" entitled to FMLA protections after he

resigned).

It appears that plaintiff had been away from work for a considerable amount of time

prior to her termination on March 31, 2001.  Moreover, plaintiff alleges that she was given

FMLA leave after her termination.  Plaintiff does not contend that she received less than

twelve weeks of unpaid leave,[3] or that she was terminated in retaliation for taking FMLA

leave.  Therefore, the court finds that plaintiff has failed to allege a cause of action under the

FMLA and such claim is due to be dismissed.

## C.  ERISA

In her Amended Complaint, plaintiff alleges:

> That during employment sometime during several years ago, plaintiff
> was diagnosed with thyroid cancer, and upon trying to obtain benefits for short
> term and long term disability [benefits] the plaintiff . . . [was] denied those
> benefits by the discriminatory practices of the defendants . . . .  Copies of
> supporting documents attached hereto . . . .

---

[3]Pursuant to the FMLA, an eligible employee is "entitled to a total of 12 workweeks
of leave during any 12-month period for . . . a serious health condition that makes the
employee unable to perform the functions of the position of such employee."  29 U.S.C. §
2612 (a)(1)(D).

(Doc. 16 ¶ 9.)  The attached documents show that plaintiff applied for disability benefits in 1989 and that such claim was denied.

This court has previously limited plaintiff's claims to claims that arose after February 9, 2000.  (Doc. 10 at 5; doc. 11.)  Therefore, the court ordered plaintiff to "describe each claim for disability benefits made *after* February 9, 2000, including facts concerning when each claim was made, the basis for each claim, when such claim was denied, the reason offered by defendants for the denial of each claim, and whether plaintiff appealed the denial of each claim."  (Doc. 32 at 6-7 (emphasis in original).)   In her response to the court's Show Cause Order, plaintiff contends:

> Lula Beckwith was continuous[ly] denied her medical benefits by Kemper with documents that stated that she had stress related illness that was caused by the conditions of her employment, obsessive compulsive disorder, and irritable bowel syndrome and hyperthyroid, and hypothyroidism.  The claim is against BellSouth the defendant, because Judy Brown failed to submit or report to the contractual provider Kemper the Managers or Supervisors should report.

(Doc. 33 ¶ 9.)  She also contends, "The ERISA claim could have been amended under the statute of limitations statute."  (*Id.* ¶10.)

Plaintiff's response is inadequate in light of the court's clear and specific directions.  Nothing in her response indicates that she filed a claim with Kemper or with Judy Brown after February 9, 2000, or even that Brown was a Plan fiduciary.[4]  Because plaintiff has not

---

[4]The Eleventh Circuit has described the procedure for applying for benefits under the BellSouth plan as follows:

adequately alleged that she ever filed a claim for Plan benefits after February 9, 2000, the court finds that plaintiff has failed to state an ERISA claim for unpaid benefits. *See Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992)(The Eleventh Circuit held that "the district court did not abuse its discretion in finding that plaintiff failed to plead exhaustion of administrative remedies or impossibility.  Plaintiff did not allege anything about whether she pursued any available relief under the claims procedures terms of [the employer's] employee benefits plan.")

Because plaintiff has not alleged any facts to support an ERISA claim, such claim is due to be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff has failed to state a claim for relief under either the FMLA or ERISA.  Moreover, the court finds that plaintiff has failed to show that her termination claims based on race, disability, and retaliation are not

---

The Plan sets up a two-tier claim and appeal procedure for participants who wish to make a disability claim.  First, the plan participant must file a claim for benefits documenting the claimed disability.  If that claim for benefits is denied, the Plan allows an appeal, providing:

> Any participant whose claim for Benefits has been denied in whole or in part and who wants this denial to be reviewed must submit a written appeal of the claim denial within 60 days after receipt of notice of denial.

*Watts v. BellSouth Telecommunications, Inc.*, 316 F.3d 1203, 1204 (11th Cir. 2003).

barred by the decision in *Beckwith IV*.  An Order dismissing plaintiff's claims will be entered

contemporaneously with this Memorandum Opinion.

  **DONE**, this the 26th day of September, 2006.


SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE